UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
No. __ : ____ -CV- ____ - _____

| | |
|---|---|
| PATRICK O'CONNELL, an individual,<br><br>Plaintiff,<br><br>- against -<br><br>CITY OF GREENVILLE, NORTH CAROLINA, CHIEF OF POLICE HASSAN ADEN, and DOES 1-5,<br><br>Defendants. | **CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983**<br><br>**DEMAND FOR JURY TRIAL**<br><br>DECLARATORY RELIEF, INJUNCTIVE RELIEF, DAMAGES |

## PLAINTIFF'S VERIFIED COMPLAINT

COMES NOW the Plaintiff, PATRICK O'CONNELL, an individual (hereinafter "Plaintiff"), by and through his counsel, and as his cause of action against the Defendants herein, aver as follows:

## I. INTRODUCTION

1.      Plaintiff brings this action seeking declaratory relief, injunctive relief, and damages to redress deprivations by the Defendants, acting under color of state law, of certain rights secured to the Plaintiff as alleged herein under the U.S Constitution.

2.      This action challenges the constitutionality of the actions of the CITY OF GREENVILLE, NORTH CAROLINA, CHIEF OF POLICE HASSAN ADEN, and DOES 1-5, individually and in their official capacity (hereinafter "Defendants"), as a result of their unconstitutional application of the CITY OF GREENVILLE, NORTH CAROLINA's, Code Section 12-1-18 (hereinafter "Code") against Plaintiff.

Plaintiff's Verified Complaint – Page 1

## II. BASIS FOR FEDERAL JURISDICTION AND VENUE.

3.      Plaintiff brings this action seeking declaratory relief, injunctive relief, nominal and compensatory damages to redress deprivations by the Defendants, acting under color of state law, of certain rights secured to the Plaintiff and others as alleged herein under the United States Constitution, as brought pursuant to Title 42 U.S.C. § 1983.

4.      Relief and liability is sought through the Civil Rights Act of 1871, 42 U.S.C. § 1983, which provides that any person who, under color of law, subjects or causes any person to be subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the injured party for the injuries caused.

5.      Plaintiff alleges one or more of the Defendants individually or jointly deprived Plaintiff of protected rights under the First and Fourteenth Amendments to the U.S. Constitution.

6.      Jurisdiction is conferred on this Court by Title 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983. Jurisdiction is also conferred on this Court by Title 28 U.S.C. § 1331 because the cause of action arises under the Constitution and laws of the United States.

7.      This Court is authorized to grant Declaratory Judgment under the Declaratory Judgment Act, Title 28 U.S.C. §§ 2201 and 2202 (1988), implemented through Rule 57 of the Federal Rules of Civil Procedure, and to issue the Preliminary and Permanent Injunctive relief requested by Plaintiff under Rule 65 of the Federal Rules of Civil Procedure. This Court is authorized to grant Plaintiff's prayer for relief and to award Plaintiff's costs in this action, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and Rule 54, and Title 28 U.S.C. § 1920.

Plaintiff's Verified Complaint – Page 2

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendants reside and/or do business in the Eastern District of North Carolina and may be found and served in the Eastern District of North Carolina. Venue is proper in the Eastern District of North Carolina as all of the events giving rise to the claims herein occurred in this District.

## III. PARTIES AND BASIS FOR LIABILITY OF THE DEFENDANTS

9. Plaintiff, PATRICK O'CONNELL, is an adult citizen and brings this action in his personal capacity.

10. Defendant, CITY OF GREENVILLE, NORTH CAROLINA (hereinafter "City"), is a body politic and corporate located within the State of North Carolina. The City has the right, power, privilege and authority to adopt and enforce local regulations and to do and perform all of the acts pertaining to its local affairs. In this action, the basis of City's liability is that on January 18, 2013, it exercised policies, practices or customs, or failed to exercise said policies, practices or customs, where the policy, practice or custom is required by law and it is one of the causes of the Constitutional deprivation and injury complained of by the Plaintiff, where the deliberate indifference is shown by:

(A) Failing to train officers to lawfully deal with citizens expressing Constitutional freedoms in public places so as to avoid situations that result in the type of deprivation and injuries that the Defendants inflicted upon the Plaintiff.

(B) The failure to fire or reprimand DOES 1-5 after other serious violations of City policy that could be determined to be prior bad acts similar to, or of the same nature as,

the acts or omissions which resulted in the deprivations and injuries complained of by the Plaintiff in this Complaint.

(C) The practice of hiring, retention and lack of discipline of officers who are highly likely to make negligent or wrongful decisions impacting constitutional freedoms.

(D) The absence of providing training to officers to avoid negligent or wrongful decisions impacting constitutional freedoms.

(E) The practice of hiring, retention and lack of discipline of officers who are highly likely to fail to avoid negligent or wrongful decisions impacting constitutional freedoms.

(F) The absence of providing training to officers to teach them to avoid negligent or wrongful decisions impacting constitutional freedoms.

(G) These acts or failures to act are the basis for liability for the Defendant, City, which ultimately led to the Plaintiff's Constitutional depravation and injuries.

(H) Defendant, City, is liable to the Plaintiff pursuant to the principles of vicarious liability and the doctrine of Respondent Superior to the extent that they are applicable to this matter.

11. Defendant, Chief of Police Hassan Aden, (hereinafter "Chief Aden") is sued individually in his personal capacity and in his official capacity as the City's Chief of Police for supervisory acts, or failures to act, as required by constitutional duty, while under color of law, as a policymaker that exercised certain policies, practices or customs on January 18, 2013, that caused the Defendant City officers herein to act in a manner that caused the constitutional deprivations and injuries for which the Plaintiff complains, including but not limited to:

Plaintiff's Verified Complaint – Page 4

(A) Failing to train officers to lawfully deal with citizens expressing Constitutional freedoms in public places so as to avoid situations that result in the type of deprivation and injuries that the Defendants inflicted upon the Plaintiff.

(B) The failure to fire or reprimand DOES 1-5 after other serious violations of City policy that could be determined to be prior bad acts similar to, or of the same nature as, the acts or omissions which resulted in the deprivations and injuries complained of by the Plaintiff in this Complaint.

(C) The practice of hiring, retention and lack of discipline of officers who are highly likely to make negligent or wrongful decisions impacting constitutional freedoms.

(D) The absence of providing training to officers to avoid negligent or wrongful decisions impacting constitutional freedoms.

(E) The practice of hiring, retention and lack of discipline of officers who are highly likely to fail to avoid negligent or wrongful decisions impacting constitutional freedoms.

(F) The absence of providing training to officers to teach them to avoid negligent or wrongful decisions impacting constitutional freedoms.

(G) These acts or failures to act are the basis for liability for the Defendant, Chief Aden, which ultimately led to the Plaintiff's Constitutional depravation and injuries.

(H) Defendant, Chief Aden, is liable to the Plaintiff pursuant to the principles of vicarious liability and the doctrine of Respondent Superior to the extent that they are applicable to this matter.

12.     Defendants, DOES 1 – 5, are employed by the City, and are being sued in their individual capacities and in their official capacities as police officers with the City's Police Department.  In their official capacities, DOES 1 – 5 are charged with enforcing the City's

ordinances and the Code. Defendants, DOES 1 – 5, (hereinafter "DOES 1 – 5") are sued individually and in their official capacity for actions or failures to act while under color of office but not within the law, that caused the Plaintiff's complained of Constitutional deprivation and injuries. Specifically, that on January 18, 2013, DOES 1 – 5, negligently or wrongfully exercised unlawful authority to interfere with and cause Plaintiff to forfeit his First Amendment right to freedom of speech and religion on a public sidewalk open to the public. These acts or failure to act are the basis for liability for the Defendant, DOES 1 – 5.

13. Upon information and belief, all Defendants are the agents, servants, employees, licensees, guarantees, indemnitors, invitees, or assignees of each other, and in doing the things herein alleged acted with the full knowledge, consent and approval of the remaining Defendants.

## FACTS

14. Plaintiff is an individual acting to spread awareness of his views regarding religious, political and social topics.

15. On various dates in 2012, Defendant City's officers approached Plaintiff and interfered with his peaceful activities to spread awareness of his views regarding religious, political and social topics.

**Plaintiff's counsel's attempts to resolve issues without litigation**

16. As a result of these actions by Defendant City's officers, on November 12, 2012, Plaintiff's counsel wrote a letter to the City's Attorney to seek a resolution of these issues without litigation.

17. Plaintiff's counsel's November 12, 2012, letter noted: "The officers stated that Mr. O'Connell was not allowed to distribute literature and/or speak with the general public

on public sidewalks because, according to the officers, 'an ordinance exists that prevents anyone from stopping on public sidewalks in Greenville.' We understand the public sidewalks are in an area deemed to be public property and our client has a right to engage in free speech activities. Our client is concerned about the uncertainty surrounding the issues raised. We seek to assist our client by creating some clear understanding of free speech rights."

18.     The Assistant City Attorney, William J. Little, III, replied by letter on November 28, 2012, stating: "no one is permitted to block or obstruct the sidewalk so as to prevent or inhibit others from walking on or using the sidewalk. The ordinance is clear, unambiguous and neutral in content and application. We expect all who use the sidewalk to use them in compliance with the ordinances to ensure public safety and welfare while exercising their right of movement or exercise of other rights."

19.     On January 18, 2013, Plaintiff was sharing his message with the public by speaking with others. A City police officer approached Plaintiff and stated he needed to keep moving. Plaintiff complied and moved on. Approximately fifteen minutes later, a City police officer approached Plaintiff from behind and without any warning issued a citation for obstructing the sidewalk based upon the City's Code Section 12-1-18.

20.     On April 23, 2013, the trial related to the January 18, 2013, citation was conducted.

21.     On April 23, 2013, the trial court found Plaintiff not guilty.

22.     At the same date and time on January 18, 2013, that Plaintiff was cited based upon the City's Code Section 12-1-18, Plaintiff recorded an extensive video revealing numerous people obstructing the sidewalk. The video shows several places in the same area

Plaintiff's Verified Complaint – Page 7

where Plaintiff was cited - - not just one location - - where people are forced to walk into the street to move past other people blocking the sidewalk. Many police officers are on scene because this area is frequented by people seeking entry to the clubs and bars. The video shows the police officers standing within a few feet doing nothing as numerous people are blocking the sidewalk while waiting for entry into the bars and clubs.

23.     Plaintiff brings this action to vindicate and protect his own rights to Freedom of Speech, Free Exercise of Religion and Equal Protection as well as those of citizens and members of the public desiring to engage in activities similar to Plaintiff's activities in the City by ensuring that Defendants are restrained from acting prospectively in violation of those rights.

24.     The public parks, public streets, public sidewalks, and public rights-of-way within the jurisdiction of the City (hereinafter "Public Spaces") are traditional public fora.

25.     Plaintiff, citizens, and members of the public utilize the Public Spaces for various activities, including communication and the exchange of ideas.

26.     Plaintiff, citizens, and members of the public utilize the Public Spaces within the City for various activities, including communication and the exchange of ideas.

**The City's Code Section 12-1-18**

27.     The City adopted the City's Code Section 12-1-18 regarding obstruction of sidewalks.

28.     The City's Code Section 12-1-18 states:

(A) Definitions. For the purpose of this section, the following definitions shall apply unless the context clearly indicates or requires a different meaning.

Obstruct/obstruction. Blocking, narrowing or otherwise impeding or in any

Plaintiff's Verified Complaint – Page 8

manner contributing to the blocking, narrowing or impeding of the safe flow of pedestrian travel.

Sidewalk. That portion of a public street between the curblines, or the lateral lines of a roadway, and the adjacent property lines intended for the use of pedestrians.

(B) Prohibited acts. It shall be unlawful for any person to obstruct any sidewalk.

(C) Penalties. Any violation of the provisions of this section shall subject the offender to a civil penalty in the amount of $50. Violators shall be issued a written citation, which must be paid within 72 hours. If the person fails to pay the civil penalty within 72 hours, the city may recover the penalty including all costs and attorneys' fees by filing a civil action in the general court of justice in the nature of a suit to collect a debt.

(Ord. No. 00-109, § 1, passed 8-10-2000; Ord. No. 10-28, § 1, 4-5-2010).

## N.C.G.S. 15A-146

29.     N.C.G.S. 15A-146 is an additional penal section at issue with the citation.

30.     N.C.G.S. 15A-146 states: in subsection (a) and (a1) that, before granting an expunction under 15A-146, the Court must find "that the person had not previously received an expungement under this section."

31.     The wrongful enforcement against Plaintiff causes Plaintiff to lose rights to expungement based upon Defendants' negligent and unlawful actions.

## Plaintiff's planned activities

32.     For many years, Plaintiff has shared his religious, political, and social speech with people in traditional public fora similar to the Public Spaces in the City. Plaintiff's message is one of hope and salvation that he believes Christianity offers. Plaintiff has no intent to

harass, encourage violence, or to express himself in any way other than in a peaceful manner.

33.    Plaintiff shares his faith in various ways. At times he distributes free literature and/or carries portable signs. Plaintiff also engages others in respectful, one-on-one discussions about Jesus Christ and the Christian faith.

34.    Plaintiff believes he has a religious mandate to go to Public Spaces in the City because he believes people desperately need to have saving faith in Jesus Christ.

35.    As he has for many years in the past, on upcoming days – including but not limited to days in 2014 and into the coming years 2015 and forward -- Plaintiff has concrete plans to engage in his constitutionally protected activities by expressing religious, political, and social speech within the City's Public Spaces, but based upon the Code enforcement Plaintiff is forfeiting his constitutionally protected activities due to fear of fines, arrest and incarceration.

## GENERAL ALLEGATIONS AND EQUITABLE RELIEF

36.    The Code enforcement, and the actions of Defendants under color of state law, have deprived, and continue to deprive, Plaintiff of his constitutional and civil rights.

37.    As a direct and proximate result of the enforcement of the City's Code, Plaintiff has forfeited and lost opportunities to exercise his constitutional and civil rights.

38.    As a direct and proximate result of the enforcement of the City's Code, Plaintiff is uncertain and unsure of his ability to exercise his constitutional and civil rights and as a result Plaintiff has forfeited and lost opportunities to exercise his constitutional and civil rights.

39.     Plaintiff has been damaged by the deprivation of his rights guaranteed by the United States Constitution.

40.     Plaintiff is uncertain whether he will be fined, arrested and incarcerated in the future while attempting to exercise his constitutional and civil rights within the City.

41.     The threat of future fines and/or arrests and/or incarceration is both great and immediate.

42.     The future chilling of Plaintiff's rights is an absolute certainty unless and until this Court grants the injunctive and declaratory relief requested herein.

43.     Defendants have chilled Plaintiff's constitutional and civil rights to the point that Plaintiff fears fines and/or arrests and/or incarcerations while exercising his constitutional and civil rights.

44.     Plaintiff wishes to continue exercising his constitutional and civil rights, and has specific and concrete intentions to continue engaging in the exercise of his constitutional and civil rights including activities prohibited by the Code, but he is fearful of being fined and/or arrested and/or incarcerated for exercising his constitutional and civil rights.

45.     The violations of Plaintiff's constitutional and civil rights alleged herein have caused, and will continue to cause, Plaintiff to suffer extreme hardship, actual and impending, irreparable injury and damage.

46.     Plaintiff currently suffers from the denial of rights guaranteed by the United States Constitution because of Defendants' actions taken under color of law pursuant to official acts of Defendants.

47.     There is a substantial likelihood that Plaintiff will prevail on the merits in this case because the City's Code, actions and practices, constitute an abridgement of his constitutional and civil rights, and such restrictions are strictly scrutinized.

48.     The harm to Plaintiff outweighs any subjective harm to the Defendants.

49.     The public interest is benefited when constitutional and civil rights are protected by the Courts.

50.     Plaintiff has no adequate remedy at law at this time to correct the continuing deprivations of his most cherished constitutional liberties.

51.     Plaintiff does not have funds to post a significant bond to obtain an injunction.

52.     It is well settled law that regulations impacting Freedom of Speech and Freedom of Religious Expression in Public Spaces must be evenly applied and cannot target citizens while allowing other citizens to evade the law.

53.     The incidents described herein allege the acts and omissions of Defendants under color of state law deprived Plaintiff of his Freedom of Speech, Free Exercise of Religion and Equal Protection rights protected under the United States Constitution.

54.     Defendants acted without reasonable cause and without due care in causing the deprivation of Plaintiff's Freedom of Speech, Free Exercise of Religion and Equal Protection rights protected under the United States Constitution.

55.     As a direct and proximate result of Defendants' actions and omissions under color of state law, Plaintiff suffered the loss of Plaintiff's Freedom of Speech, Free Exercise of Religion and Equal Protection rights protected under the United States Constitution.

56.     Defendants' actions and omissions were performed with malice, or oppression, or callous or deliberate indifference, or a conscience disregard of Plaintiff's Freedom of

Plaintiff's Verified Complaint – Page 12

Speech, Free Exercise of Religion and Equal Protection rights protected under the United States Constitution.

57.     Defendants City and Chief Aden had a duty at all times mentioned herein to implement and enforce policies and procedures to adequately supervise and adequately train its officials, agents and employees so as to prevent the constitutional violations alleged herein.

58.     Defendants City and Chief Aden failed to implement and enforce policies and procedures to adequately supervise and adequately train his officials, agents and employees so as to prevent the constitutional violations alleged herein.

59.     Defendants City's and Chief Aden's actions and omissions regarding the failure to adequately train officials, agents and employees so as to prevent the constitutional violations alleged herein exhibit deliberate indifference toward Plaintiff's Freedom of Speech, Free Exercise of Religion and Equal Protection rights protected under the United States Constitution.

60.     The Code enforcement, customs and practices, adopted under color of state law, are the moving force behind the violation of Plaintiff's Freedom of Speech, Free Exercise of Religion and Equal Protection rights protected under the United States Constitution.

61.     The Code enforcement, customs and practices, adopted under color of state law operate to unconstitutionally limit, ban and censor Plaintiff's Freedom of Speech, Free Exercise of Religion and Equal Protection rights protected under the United States Constitution.

62.     The damages claimed by the Plaintiff were proximately caused by the tortious acts and omissions of the Defendants for which they are jointly and separately liable.

Plaintiff's Verified Complaint – Page 13

63.     Plaintiff has satisfied all conditions precedent to bringing this action.

## AS AND FOR A FIRST CAUSE OF ACTION:

### THE CODE AND DEFENDANTS' ACTIONS
### VIOLATE THE FREEDOM OF SPEECH CLAUSE UNDER
### THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

64.     The averments of paragraphs 1-63 are repeated and realleged in full force and effect as if repeated in his entirety herein.

65.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits making and/or enforcing any law unconstitutionally abridging the Freedom of Speech.

66.     The City's Code and Defendants' actions impede Plaintiff's right to Freedom of Speech because of vagueness and by granting unfettered discretion to Defendants and their officials, agents and employees to deny Plaintiff's right to Freedom of Speech and serve no rational, substantial or compelling interest.

67.     The City's Code is unconstitutional as enforced because it creates an unconstitutional restraint on protected speech in the City's Public Spaces.

68.     The City's Code as enforced does not contain necessary standards, safeguards, or definitions.

69.     The City's Code as enforced permits an individualized assessment and is not neutral or generally applicable.

70.     The City's Code as enforced is unconstitutionally vague and gives unbridled discretion to decide whether, when, and how to allow Freedom of Speech.

71.     The City's Code and Defendants' actions allow content-based restrictions and are unconstitutionally overbroad restrictions on expressive activity and fail narrow tailoring.

Plaintiff's Verified Complaint – Page 14

72.     Plaintiff was deprived of his right under the First Amendment to engage in Freedom of Speech activities prohibited by the Code in violation of the United States Constitution.

73.     Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in Freedom of Speech in violation of the United States Constitution.

74.     Plaintiff has suffered damages as a result of Defendants' deprivation of his rights.

WHEREFORE, Plaintiff respectfully requests that this Court grant the equitable and monetary relief requested herein and any further relief this Court deems is just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION:

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE THE FREE EXERCISE CLAUSE UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

75.     The averments of paragraphs 1-63 are repeated and realleged in full force and effect as if repeated in his entirety herein.

76.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, prohibits making any law unconstitutionally abridging the free exercise of religion.

77.     Plaintiff engages in activities prohibited by the Code for the purpose of spreading the Gospel of Jesus Christ. Plaintiff shares a personal belief and mandate to spread the Gospel of Jesus Christ.

78.     The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiff relies on the Bible to guide his words and actions.

79.     Plaintiff sought, and continues to seek, to discuss issues from a religious perspective, to distribute religious literature, to display signs, and to engage in religious speech through sharing his faith in the City's Public Spaces.

80.     The City's Code and Defendants' actions require Plaintiff to censor religious speech in the City's Public Spaces and impose a burden on Plaintiff that is not imposed on other individuals.

81.     By forcing Plaintiff to choose between abandoning his religious beliefs in order to gain access to speech in the City's Public Spaces, or alternatively abiding by his religious beliefs only to be fined, arrested and incarcerated, Defendants have imposed a substantial burden on Plaintiff's sincerely held religious beliefs.

82.     The City's Code and Defendants' actions impede Plaintiff's right to Free Exercise of Religion because of vagueness and by granting unfettered discretion to Defendants and their officials, agents and employees to deny Plaintiff's right to Free Exercise of Religion and serve no rational, substantial or compelling interest.

83.     The City's Code as enforced is unconstitutional because it creates an unconstitutional restraint on protected speech in the City's Public Spaces.

84.     The City's Code as enforced does not contain necessary standards, safeguards, or definitions.

85.     The City's Code as enforced permits an individualized assessment and is not neutral or generally applicable.

86.     The City's Code as enforced is unconstitutionally vague and gives unbridled discretion to decide whether, when, and how to allow Free Exercise of Religion.

87.     The City's Code and Defendants' actions allow content-based restrictions and are unconstitutionally overbroad restrictions on expressive activity and fail narrow tailoring.

88.     Plaintiff was deprived of his right under the First Amendment to engage in Free Exercise of Religion activities prohibited by the Code in violation of the United States Constitution.

89.     Plaintiff has been, and continues to be, deprived of his right under the First Amendment to engage in Free Exercise of Religion activities in violation of the United States Constitution.

90.     Plaintiff has suffered damages as a result of Defendants' deprivation of his rights.

WHEREFORE, Plaintiff respectfully requests that this Court grant the equitable and monetary relief requested herein and any further relief this Court deems is just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION:

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE THE EQUAL PROTECTION CLAUSE UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

91.     The averments of paragraphs 1- 63 are repeated and realleged in full force and effect as if repeated in his entirety herein.

92.     Plaintiff's Freedom of Speech and Free Exercise of Religion rights are protected from arbitrary discrimination under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

93.     The City's Code and Defendants' actions substantially burden Plaintiff's Equal Protection rights in an arbitrary and capricious manner.

94.     The City's Code and Defendants' actions impede Plaintiff's right to Freedom of Speech and Free Exercise of Religion because of vagueness and by granting unfettered discretion to Defendants and their officials, agents and employees to deny Plaintiff's Equal Protection rights and serve no rational, substantial or compelling interest.

95.     The City's Code as enforced permits an individualized assessment and is not neutral or generally applicable.

96.     The City's Code as enforced is unconstitutionally vague and gives unbridled discretion to decide whether, when, and how to allow Freedom of Speech and Free Exercise of Religion.

97.     The City's Code as enforced has targeted Plaintiff in a manner to deprive him of constitutional rights while simultaneously allowing others similarly situated to engage in activities in apparent violation of the City's Code but without any enforcement of the City's Code directed to the other similarly situated persons.

98.     Plaintiff has suffered damages as a result of Defendants' deprivation of his rights.

WHEREFORE, Plaintiff respectfully requests that this Court grant the equitable and monetary relief requested herein and any further relief this Court deems is just under the circumstances.

## AS AND FOR A FOURTH CAUSE OF ACTION:

## <u>INJUNCTIVE RELIEF</u>

99.     The averments of paragraphs 1-98 are repeated and realleged in full force and effect as if repeated in his entirety herein.

100.    As a direct and proximate result of the adoption of the City's Code enforcement, Plaintiff has been, and continues to be, irreparably harmed.

101.    The harm to Plaintiff is not fully compensable with money damages.

102.    Plaintiff has a concrete desire to continue engaging in his rights to Freedom of Speech and Free Exercise of Religion in the City's Public Spaces.

103.    Plaintiff is likely to succeed on the merits of his claims.

104.    The threat of continued forfeiture of Plaintiff's rights is both great and immediate.

105.    The harm to Plaintiff outweighs any subjective harm to the Defendants.

106.    The public interest is benefitted when constitutional and civil rights are protected by the Courts.

107.    Unless restrained and enjoined by this Court, Defendants will harass and threaten to fine and arrest and incarcerate Plaintiff for exercising his constitutional rights.

108.    Plaintiff is entitled to injunctive relief.

WHEREFORE, Plaintiff respectfully requests that this Court grant the equitable relief requested herein and any further relief this Court deems is just under the circumstances.

## AS AND FOR A FIFTH CAUSE OF ACTION:

## DECLARATORY RELIEF

109.    The averments of paragraphs 1-98 are repeated and realleged in full force and effect as if repeated in his entirety herein.

110.    An actual controversy has arisen between Plaintiff and Defendants in that Plaintiff contends that, as a direct and proximate result of Defendants' adoption and enforcement of the City's Code, Plaintiff has been irreparably harmed in that Defendants' actions are hostile to a reasonable interpretation of the law as it pertains to the right to Freedom of Speech, Free Exercise of Religion, and Equal Protection.

Plaintiff's Verified Complaint – Page 19

111.    Plaintiff wishes to continue engaging in his rights to Freedom of Speech and Free Exercise of Religion, and has a specific and concrete intent to continue engaging in this activity as he has in the past, but he is fearful of Defendants' future adverse actions against him for exercising his protected constitutional and civil rights.

112.    Plaintiff desires a judicial determination of the rights and duties of the respective parties under the United States Constitution based upon the enforcement (as-applied) of the City's Code, and a judicial declaration that Plaintiff's Freedom of Speech, Free Exercise of Religion, and Equal Protection rights are protected by the United States Constitution, and a finding that the City's Code enforcement violates Plaintiff's rights.

WHEREFORE, Plaintiff respectfully requests that this Court grant the equitable relief requested herein and any further relief this Court deems is just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Issue a preliminary injunction and permanent injunction restraining and enjoining Defendants, and their officers, agents, employees, representatives, and all persons acting in concert, or participating with them, from unequally enforcing the challenged portions of the City's Code, § 12-1-18, while Plaintiff, and all persons acting in concert, or participating with him, are engaging in Freedom of Speech and Free Exercise of Religion activities in the City's Public Spaces; and,

Plaintiff's Verified Complaint – Page 20

2. Issue a Declaration that the challenged portions of the City's Code, § 12-1-18, as enforced constitute an impermissible and inequitable restraint of Plaintiff's rights in violation of the United States Constitution; and,

3. Grant Plaintiff an award of nominal and/or compensatory and/or special and/or exemplary damages in an amount to be determined based upon Defendants' willful, wanton, malicious, callous and/or deliberate indifference to Plaintiff's rights;

4. Grant Plaintiff's costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Rule 54, and Title 28 U.S.C. § 1920;

5. Grant Plaintiff such other and further relief as may be just and proper.


Dated:       This 27th day of March 2014.


/s/Philip J. Clarke III
Local Counsel for Plaintiff
Philip J. Clarke III
534 North 35th Street, Unit I
Morehead City, NC 28557
Telephone: (252) 222-5252
Facsimile: (252) 222-5253
E-mail: pjclaw@embarqmail.com
North Carolina Bar No: 29150
Local Civil Rule 83.1 Counsel

Frederick H. Nelson, Esq.
Lead Trial Counsel for Plaintiff
AMERICAN LIBERTIES INSTITUTE
P.O. Box 547503
Orlando, FL  32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org
Florida Bar No.: 0990523
Pending admission under Local Civil Rule 83.1(e) – by special appearance


Plaintiff's Verified Complaint – Page 21

## VERIFICATION AND DECLARATION UNDER PENALTY OF PERJURY

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America, that the foregoing factual statements in Plaintiff's Verified Complaint are true and correct.

Executed this 27th day of March 2014.

PATRICK O'CONNELL