IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 4:14-CV-64-BO

| | |
|---|---|
| PATRICK O'CONNELL,<br><br>        Plaintiff<br><br>v.<br><br>CITY OF GREENVILLE, NORTH<br>CAROLINA, CHIEF OF POLICE HASSAN<br>ADEN, et al.,<br>        Defendants | **ORDER** |

This cause comes before the Court on defendant Hassan Aden's motion to dismiss the claims against him in both his official and individual capacities. [DE 15]. Plaintiff has responded to the motion [DE 19], defendant has replied [DE 20], and the matter is ripe for ruling. For the reasons discussed below, defendant's motion is DENIED.

## BACKGROUND

Plaintiff Patrick O'Connell filed this action seeking injunctive and declaratory relief against the City of Greenville, North Carolina (City) the Chief of Police, Hassan Aden, (Aden) and five police officers employed by the City (Does One through Five), for alleged civil rights violations under 42 U.S.C. § 1983. [DE 1]. Specifically, O'Connell claims that defendants violated his rights under the First and Fourteenth Amendments to the United States Constitution by depriving him of his right to engage in both free speech and free exercise of religion in the city of Greenville, North Carolina. Plaintiff brought suit against Greenville in its official capacity, and Aden and Does One through Five in both their official and individual capacities. [*Id.*]. Aden now moves to dismiss all claims against him pursuant to Federal Rule of Criminal Procedure 12(b)(6). [DE 15].

## DISCUSSION

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). Specificity is not required; the complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S at 555 (quotation omitted). To survive a Rule 12(b)(6) motion, a complain must contain facts sufficient "to raise a right to relief above the speculative level" and to satisfy the court that the claim is "plausible on its face." *Id.* at 555, 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Defendant Aden raises three grounds in support of his motion for dismissal. The Court addresses these claims in turn.

I. OFFICIAL CAPACITY CLAIM

Adem argues that plaintiff's official capacity claim should be dismissed, as he also brought suit against the City. Official capacity suits "generally represent only another way of pleading an action against an entity of which the officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quotation omitted). The Fourth Circuit has held that official capacity claims are essentially the same as a claim against the entity and should be dismissed when the entity is also a named defendant. *Love-Lane v. Martin*, 355 F.3d 766, 783 (4th Cir. 2004). State officials acting in their official capacities, however, can be sued for prospective injunctive relief, "to prevent ongoing violations of federal law, on the rationale that such a suit is not a suit against the state for purposes of the Eleventh Amendment." *McBurney v. Cuccinelli*, 616 F.3d 393, 339

(4th Cir. 2010) (citing *Ex Parte Young*, 209 U.S. 123 (1908)); *see also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 n.10 (1989) (noting that a "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983").

Here, plaintiff alleges Aden participated in a custom of repeated failures to adequately train and supervise his staff in avoiding Constitutional violations. These allegations are sufficient to state an official capacity claim for injunctive relief. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[I]n an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law."). Thus, defendant Aden's motion to dismiss this claim is denied.

II. INDIVIDUAL CAPACITY CLAIMS

Defendant Aden next argues that plaintiff's individual capacity claim is subject to dismissal because § 1983 claims may not be premised on a *respondeat superior* theory and the complaint fails to allege sufficient facts to support a claim of supervisory liability.

A. Vicarious Liability

Defendant Aden is correct in citing Supreme Court jurisprudence for the premise that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676 (2009). The Supreme Court went on to say, however that "[a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 677. Therefore, a plaintiff is not precluded from establishing fault through a method of vicarious liability other than *respondeat superior*. Here, plaintiff alleges that Aden is liable under the doctrines of both vicarious liability and *respondeat superior*. While the latter is not applicable to this matter, other types of vicarious liability may apply. As such, the Court finds that dismissal of plaintiff's entire individual capacity claim on this basis is unwarranted at this time.

3

Supervisory Liability

To succeed on a § 1983 claim for supervisory liability, a plaintiff must show:

(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a 'pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;

(2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices; and

(3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). Defendant Aden argues that plaintiff's supervisory liability claim fails because the complaint does not allege any facts regarding Aden's individual actions or omissions.

The complaint, however, asserts that Aden, the police chief, failed to adequately supervise Does One through Five. Specifically, plaintiff alleges that Aden failed to implement and enforce policies to adequately supervise and train his officials to prevent constitutional violations. These allegations are sufficient to nudge plaintiff's supervisory liability claim across the line from conceivable to plausible. *Twombly*, 550 U.S. at 70. Thus, defendant Aden's motion to dismiss the individual capacity claim on this ground is denied.

## CONCLUSION

For the foregoing reasons, Defendant Aden's motion to dismiss [DE 15] is DENIED. The action is not dismissed at this time and may proceed in its entirety.

SO ORDERED.

This the __10__ day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4